KAREN NELSON MOORE, Circuit Judge,
concurring.
I concur in the majority’s opinion, except for its discussion of Davis’s sentence. Although I agree that Davis’s sentence does not violate the Eighth Amendment, I base my conclusion on different legal grounds. Miller v. Alabama held that a mandatory life-without-parole sentence is unconstitutional as applied to juveniles. — U.S. -, 132 S.Ct. 2455, 2469, 183 L.Ed.2d 407 (2012). The problem with the mandatory sentencing schemes in Miller was that they “prevented] the sentencer from taking account of’ the considerations that make juveniles “ ‘less deserving of the most severe punishments,’ ” including their “diminished culpability and greater prospects for reform.” Id. at 2466, 2464 (quoting Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 2026, 176 L.Ed.2d 825 (2010)). In this case, even if Miller were extended to apply to other categories of offenders with diminished culpability — for example, mentally retarded defendants, see Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, *609 153 L.Ed.2d 335 (2002) — Davis received exactly the kind of individualized consideration required by Miller. He did not face a mandatory life sentence, and the district court explicitly took into account his cognitive impairments when fashioning an appropriate sentence. See R. 129 (Sent. Hr’g Tr. at 12-15) (Page ID # 1314-17). Accordingly, I agree that Davis’s sentence should be affirmed.